UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SALLY SCHMIDT,

               Plaintiff,                                  **ORDER**
                                                               23-cv-5821 (NRM) (JRC)

       -against-

AMERICAN PACKAGE COMPANY, INC.,
MARTIN C. KORMAN, IRENE KOFMAN,
MICHELLE KOFMAN, VIOLET LAUTAN,
MICHAEL BOBICK, PARKER ROTHMAN,
and HARRY SHAPIRO,

               Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      On July 31, 2023, Plaintiff Sally Schmidt,[1] appearing *pro se*, filed this action against Defendants and invokes the Court's federal question jurisdiction. Compl., ECF No. 1 at 10. Plaintiff paid the filing fee to commence this action. ECF No. 4. On August 2, 2023, Plaintiff filed an Amended Complaint. ECF No. 10. Plaintiff also filed a proposed order to show cause seeking to enjoin Defendants "from proceeding with an Eviction against the Plaintiff related to the 2,200 square foot apartment located at 226 Franklin Street A/K/A 230 Franklin Street A/K/A 100 Freeman Street A/K/A 97 Greene Street, Unit G4, Brooklyn, NY 11222 (the "Property")." Pl.'s OTSC, ECF No. 2 at 1. Plaintiff's proposed order to show cause is denied as set forth below.

## STANDARD OF REVIEW

      Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v.*

---

[1] Plaintiff also recently filed a bankruptcy appeal in this Court. *See Schmidt v. American Package Co., Inc.*, No. 23-cv-5625 (NRM) (E.D.N.Y. filed July 26, 2023).

1

*Pergament*, No. 13-CV-1951 (WFK)(ETB), 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). The party seeking a TRO is required to show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). The party seeking a TRO must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005).

## DISCUSSION

Plaintiff seeks to enjoin Defendants from evicting her from the Property, however, federal courts do not have jurisdiction over landlord-tenant matters, such as eviction proceedings. *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Nichols v. Epstein*, No. 22-CV-3187 (LDH) (CLP), 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023) (dismissing *pro se* plaintiff's eviction challenge for lack of subject matter jurisdiction); *Smith v. N.Y.C. Hous. Auth.*, No. 12-CV-06375 (CBA)(JMA), 2012 WL 6731703, at *2-3 (E.D.N.Y. Dec. 28, 2012) (denying request for an order to show cause to prevent an eviction). Accordingly, the Court does not have the authority to grant Plaintiff the relief she seeks.

Moreover, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where, as here, none of the enumerated exceptions apply, the Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings."

*Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977); *Allen v. N.Y.C. Hous. Auth.*, No. 10 Civ. 168 (CM)(DCF), 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings." (collecting cases)); *see also Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming a district court's denial of a request to "enjoin summary eviction proceedings" as barred by the Anti-Injunction Act); *Isaac v. Schiff*, No. 21-CV-11078 (PMH), 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (denying *pro se* plaintiff's order to show cause seeking to enjoin an eviction proceeding). Accordingly, to the extent Plaintiff seeks to challenge an ongoing landlord-tenant action, this Court lacks the authority to do so.

## CONCLUSION

Accordingly, Plaintiff has not shown a likelihood of success on the merits or a sufficiently serious question going to the merits of the relief Plaintiff seeks, therefore, Plaintiff does not meet the standard for emergency injunctive relief. Because the Court is without the authority to grant the relief Plaintiff seeks, Plaintiff's proposed order to show cause is DENIED.

The case is referred to Magistrate Judge James R. Cho for pretrial supervision.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: August 3, 2023
Brooklyn, New York